1  Anthony Boskovich, No. 121198
   Law Offices of Anthony Boskovich
2  28 N. First Street, 6th Floor
   San Jose, California 95113-1210
3  policemisconduct@compuserve.com

4  (408) 286-5150

5  Attorney for plaintiff GERARDO MONTOYA





FILED IFP

E-FILING

6

7  ## IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

8  ## NORTHERN DISTRICT OF CALIFORNIA

9  ## SAN JOSE DIVISION

10

11

12  GERARDO MONTOYA; LARRY ESCOBEDO,    )    **C08   00820  RS**
                            *Plaintiffs,*    )    No.
13  v.                                       )
                                             )    COMPLAINT FOR VIOLATION
14  CITY OF SAN JOSE; ROBERT DAVIS,          )    OF CIVIL RIGHTS - JURY TRIAL
    individually and in his capacity as Chief of Police    )    DEMANDED
15  for the City of San Jose; OFFICER CRUZADO,    )
    BADGE NO. 3780, a San Jose police officer;    )
16  SERGEANT ASATO, BADGE NO. 3047,    )
    individually and in his capacity as a San Jose    )
17  police sergeant; OFFICER T. ROGERS, a San    )
    Jose police officer; DETECTIVE BARRARAH,    )
18  a San Jose police officer; SERGEANT FERLA,    )
    individually and in his capacity as a San Jose    )
19  police sergeant;   SERGEANT ZOLO    )
    DOLEZAR, BADGE NO. 2010, individually and    )
20  in his capacity as a San Jose police sergeant;    )
    SERGEANT DAVE NEWMAN, BADGE NO.    )
21  2119, individually and in his capacity as a San    )
    Jose police sergeant; SEGEANT CRESCINI,    )
22  BADGE NO. 2326, individually and in his    )
    capacity as a San Jose police sergeant;    )
23  SERGEANT MARSH COOK, BADGE NO.    )
    3050, individually and in his capacity as a San Jose    )
24  police sergeant; SERGEANT SOLOMON,    )
    BADGE NO. 3773, individually and in his    )
25  capacity as a San Jose police sergeant;    )
    SERGEANT SHAWNY WILLIAMS,    )
26  individually and in her capacity as a San Jose    )
    police sergeant; SERGEANT GUTIERREZ,    )

27

28  Complaint for Violation of Civil Rights -
    Jury Trial Demanded

1  individually and in his capacity as a San Jose
   police sergeant; SERGEANT SHIELDS,
2  individually and in his capacity as a San Jose
   police sergeant; DETECTIVE ERIC GRIMES,
3  BADGE NO. 2690, a San Jose police officer;
   DETECTIVE TIM URETA, BADGE NO. 2985,
4  a San Jose police officer; DETECTIVE STAN
   MCFADDEN, BADGE NO. 3076, a San Jose
5  police officer; DETECTIVE TOM
   TIPHAYACHAN, a San Jose police officer;
6  "BOSS COMMANDER", BADGE NO. 2301,
   a San Jose police officer whose true name is
7  unknown to plaintiff and who may have been a
   command level officer; OFFICER
8  NASCIMIENTO, BADGE NO. 3057, a San Jose
   police officer; OFFICER FINO, BADGE NO.
9  2118, a San Jose police officer; OFFICER
   PATRINOS, BADGE NO. 2154, a San Jose
10 police officer; OFFICER DUNSON, BADGE
   NO. 2790, a San Jose police officer; OFFICER
11 MARTINEZ, BADGE NO. 2836, a San Jose
   police officer; OFFICER WEST, BADGE NO.
12 2943, a San Jose police officer; OFFICER
   MOSTO, a San Jose police officer; OFFICER
13 LIBBY, BADGE NO. 3063, a San Jose police
   officer; OFFICER WOLOSZEZ, BADGE NO.
14 3223, a San Jose police officer; OFFICER JOUST,
   BADGE NO. 3237, a San Jose police officer;
15 OFFICER KNIGHT, BADGE NO. 3461, a San
   Jose police officer; OFFICER TRUDO, BADGE
16 NO. 3451, a San Jose police officer; OFFICER
   GERBRANDT, BADGE NO. 3533, a San Jose
17 police officer; OFFICER MORO, BADGE NO.
   3637, a San Jose police officer; OFFICER
18 KWONG, BADGE NO. 3200, a San Jose police
   officer; OFFICER YOUNG, BADGE NO. 3725,
19 a San Jose police officer; OFFICER ORUM,
   BADGE NO. 3745, a San Jose police officer;
20 OFFICER HIGGINS, BADGE NO. 3887, a San
   Jose police officer; OFFICER CARDIN, BADGE
21 NO. 3846, a San Jose police officer; OFFICER
   SANCHEZ, BADGE NO. 7929, a San Jose police
22 officer; OFFICER DARIO, a San Jose police
   officer; UNKNOWN OFFICER, BADGE NO.
23 2050, an Hispanic San Jose police officer with
   glasses whose name is unknown to plaintiff;
24 UNKNOWN OFFICER, BADGE NO. 2462, an
   Hispanic San Jose police officer whose name is
25 unknown to plaintiff; UNKNOWN OFFICER,
   BADGE NO. 2629, an African American San Jose
26 police officer whose name is unknown to plaintiff;
   JOHN DOE and RICHARD ROE, individually
27

28 Complaint for Violation of Civil Rights –
   Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

1  and in their capacities as police officers for the City )
   of San Jose, the identity and number of whom are )
2  unknown to plaintiff; DOES 1 through 200, )
                                        *Defendants.* )

3

4

5                          **JURISDICTION**

6

7      1.  This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction

8  is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The

9  unlawful acts and practices alleged occurred in the City of San Jose, which is within this judicial

10 district.

11

12     2.  This action further arises out of violation of the Americans With Disabilities Act, and

13 jurisdiction is conferred upon this Court pursuant to Title 28 of the United States Code, Section

14 1331.

15

16                            **PARTIES**

17

18     3.  Plaintiffs GERARDO MONTOYA and LARRY ESCOBEDO are, and at all times

19 herein mentioned were, citizens of the United States and residents of San Jose, California, and are

20 readily recognizable as Hispanic.  Plaintiff GERARDO MONTOYA also suffers from the condition

21 known as osteogenesis imperfecta, and requires a wheelchair to ambulate.  He is readily identifiable

22 as disabled, and suffers from a disability as defined by law.

23

24     4.  At all times mentioned herein, defendants, OFFICER CRUZADO, BADGE NO. 3780,

25 SERGEANT ASATO, BADGE NO. 3047, OFFICER T. ROGERS, DETECTIVE BARRARAH,

26 SERGEANT FERLA, SERGEANT ZOLO DOLEZAR, BADGE NO. 2010, SERGEANT DAVE

27 Complaint for Violation of Civil Rights –

28 Jury Trial Demanded                                                              Page 3

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

1 NEWMAN, BADGE NO. 2119, SERGEANT CRESCINI, BADGE NO. 2326, SERGEANT

2 MARSH COOK, BADGE NO. 3050, SERGEANT SOLOMON, BADGE NO. 3773,

3 SERGEANT SHAWNY WILLIAMS, SERGEANT GUTIERREZ, SERGEANT SHIELDS,

4 DETECTIVE ERIC GRIMES, BADGE NO. 2690, DETECTIVE TIM URETA, BADGE NO.

5 2985, DETECTIVE STAN MCFADDEN, BADGE NO. 3076,    DETECTIVE TOM

6 TIPHAYACHAN, "BOSS COMMANDER". BADGE NO. 2301, OFFICER NASCIMIENTO,

7 BADGE NO. 3057, OFFICER FINO, BADGE NO. 2118, OFFICER PATRINOS, BADGE NO.

8 2154, OFFICER DUNSON, BADGE NO. 2790, OFFICER MARTINEZ, BADGE NO. 2836,

9 a San Jose OFFICER WEST, BADGE NO. 2943, a San Jose police officer; OFFICER MOSTO,

10 OFFICER LIBBY, BADGE NO. 3063, OFFICER WOLOSZEZ, BADGE NO. 3223, OFFICER

11 JOUST, BADGE NO. 3237, OFFICER KNIGHT, BADGE NO. 3461, OFFICER TRUDO.

12 BADGE NO. 3451, OFFICER GERBRANDT, BADGE NO. 3533, OFFICER MORO, BADGE

13 NO.3637, OFFICER KWONG, BADGE NO. 3200, OFFICER YOUNG, BADGE NO. 3725,

14 OFFICER ORUM, BADGE NO. 3745, OFFICER HIGGINS, BADGE NO. 3887, OFFICER

15 CARDIN, BADGE NO. 3846, OFFICER SANCHEZ, BADGE NO. 7929, OFFICER DARIO,

16 UNKNOWN OFFICER, BADGE NO. 2050, UNKNOWN OFFICER, BADGE NO. 2462,

17 UNKNOWN OFFICER, BADGE NO. 2629, JOHN DOE and RICHARD ROE, (hereinafter

18 "OFFICERS"),  were employed as police officers, police sergeants, and police command level

19 officer, for defendant City of San Jose.  Defendant OFFICERS are sued individually and in their

20 capacity as police officers and supervisors for the City of San Jose.  By engaging in the conduct

21 described here, defendant OFFICERS acted under the color of law and in the course and scope of

22 their employment for defendant City of San Jose.  By engaging in the conduct described here,

23 defendant OFFICERS exceeded the authority vested in them as police officers under the United

24 States Constitution and as employees of the City of San Jose.

25

26

27

28

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

5. Defendant CITY OF SAN JOSE (hereinafter "CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Defendant ROBERT DAVIS (hereinafter "DAVIS") at all time mentioned herein was the Chief of Police for CITY, acting under the color of law and in the course and scope of his employment for defendant CITY

6. Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through 200, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth. Plaintiff will amend his complaint to state the true names and capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

7. At all times mentioned herein, each named and DOE defendant was either the agent or employee of co-defendant COUNTY, acting within the course and scope of employment; or was acting under color of law and with the actual or implied permission, consent, authorization, deliberate indifference and/or approval of COUNTY to the acts herein described.

**STATEMENT OF FACTS**

8. Plaintiff Gerardo Montoya is a disabled Hispanic man who suffers from a condition known as osteogenesis imperfecta which causes extremely brittle bones that are highly susceptible to fracture. As a result, Mr. Montoya is bound to a wheelchair. Mr. Montoya has lived with his mother at 878 Jeanne Avenue for the majority of his life, a period of time that spans decades.

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

9. Mr. Montoya's neighborhood is gang infested and is constantly patrolled by San Jose police. The predominant gang presence is an Hispanic street gang known as the Sureños.

10. Beginning in the 1990's San Jose police began to accuse Mr. Montoya of affiliation with a rival gang known as the Norteños.

11. Mr. Montoya has no gang affiliation whatsoever, but, because of the conduct of the San Jose police, the local Sureños began to target Mr. Montoya for violent attacks on his person and property, consisting of as little as throwing rocks and bottles at his property to as much as shooting at Mr. Montoya's property and even directly at him. In these shootings, two other people were seriously injured. On most occasions Mr. Montoya called the San Jose police for assistance.

12. The typical response was for multiple San Jose police units to arrive on scene and rather than speaking with the complaining witness, Mr. Montoya, they would go across the street and speak with Sureño gang members. After this conversation, the officers would proceed to Mr. Montoya's house, demand entrance which was usually denied, and then force entry and conduct destructive searches on the home. Mr. Montoya was regularly detained, often handcuffed, and regularly accused of some crime. When Mr. Montoya would call his attorney for assistance, when his attorney would arrive he was regularly denied access to his client until the watch commander would get involved. Despite the fact that Mr. Montoya was the victim, and despite the fact that there was uncontroverted physical evidence that Mr. Montoya was the victim, the San Jose police would do absolutely nothing to assist him as a legitimate victim of crime.

13. The explanation for this conduct by the San Jose police is multifaceted and complex. First, Mr. Montoya had been branded a gang member by defendant OFFICER NASCIMIENTO, BADGE NO. 3057, many years ago and who had continually and repeatedly told his colleagues on

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

1  the beat that patrolled Mr. Montoya's residence that Mr. Montoya was at the very least a Norteño

2  sympathizer, but most likely was some form of "kingpin" in the gang. This allegation was as

3  ludicrous as it was untrue. But, because of this branding, Mr. Montoya became a target of police

4  abuse that continues to this day.

5

6      14. As a result of this animus, defendants OFFICERS entered into a tacit agreement to

7  harass and violate the civil rights of Mr. Montoya, as well as any of his friends or family, whenever

8  possible, by abusing the powers vested in them as law enforcement officers, and in particular by

9  tacitly agreeing to conduct illegal searches and seizures, as well as false arrests, intimidation of

10  witnesses, writing false police reports to induce prosecution, using excessive force, committing

11  perjury, and failing to investigate crimes.

12

13      15. The harassment intensified when Mr. Montoya successfully sued Officer Nascimiento

14  and others in the case of *Montoya v. Officer Nascimiento, et al.*, United States District Court for the

15  Northern District of California case number C 00-21271 JF. Given the favorable resolution in that

16  matter and the facts that were uncovered and accepted by the City, and ostensibly the police, it was

17  hoped that the harassment would stop.

18

19      16. Unfortunately, exactly the opposite occurred, and in furtherance of the conspiracy the

20  San Jose police began an intensified campaign of harassment against Mr. Montoya in order to

21  retaliate against him. This conduct has been repeatedly reported to command level officers of the

22  San Jose police department as well as attorneys with the San Jose City Attorney's office but has

23  repeatedly fallen on deaf ears.

24

25      17. The other, and perhaps more practical, reason for the harassment against Mr. Montoya

26  is that he is accused of being the lone Norteño in a Sureño cesspool. Mr. Montoya is in a wheelchair

27

28  Complaint for Violation of Civil Rights –
    Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

1  and thereby perceived as weak and defenseless, and when this man who is supposed to be meek and

2  submissive because of his physical disabilities dares to try to fight for his rights, San Jose police

3  officers react with rage and physical violence. Additionally, the San Jose police have quite simply

4  made the determination that the best way to solve the gang problem in the neighborhood is to get

5  rid of the lone rival rather than perform its duty and investigate the perpetrators of crime. In short,

6  the plan is to excise Mr. Montoya from the neighborhood through police abuse, and when he is

7  gone, either voluntarily or involuntarily (through death by shooting), gang crime will decrease in the

8  neighborhood.

9

10  18. As a specific example of typical conduct, on 5 February 2006 Mr. Montoya was at home

11  watching the Super Bowl with friends and family. A Sureño gang member drove by and threw a

12  beer bottle at Mr. Montoya. The gangster then parked and summoned over 20 of his friends. Other

13  gangsters drove by the house, throwing rocks, bottles, and bricks. The street was strewn with broken

14  glass. Car windows were broken out with a shovel, and a Sureño gangster drew a gun and fired it

15  at Mr. Montoya. Mr. Montoya called 911.

16

17  a. Fifteen minutes later, San Jose police called Mr. Montoya's house and ordered Mr.

18  Montoya to leave his residence with his hands up. Mr. Montoya complied, rolling out of the home

19  in his wheelchair with his hands up. Many , many OFFICERS had their guns pointed at him. He

20  could see the gangsters across the street.

21

22  b. Rather than investigating the crime, Defendant OFFICER ROGERS grabbed

23  and twisted Mr. Montoya's arms despite the fact that he is disabled, and OFFICER ROGERS

24  sadistically pulled Mr. Montoya's arms back, all the while Mr. Montoya screaming that he was being

25  injured and that his bones were brittle. OFFICER ROGERS handcuffed Mt. Montoya behind his

26

27

28  Complaint for Violation of Civil Rights –
Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

Page 8

1  back and behind the wheelchair seat back, causing Mr. Montoya extreme pain.  OFFICER

2  ROGERS did not respond to Mr. Montoya's pleas.

3

4          c.  Rather than investigate the crime, the OFFICERS proceeded to point their guns

5  at the occupants of the home and handcuff everybody in the house, ordering them out into the cold

6  without jackets.

7

8          d.  Everybody was required to stay outside, in the presence of the Sureño gangsters,

9  who were making gang signs, whistling, and making aggressive movements, and yelling taunts. Mr.

10  Montoya told DETECTIVE BARRARAH that the police were endangering his family, but he was

11  ignored.

12

13          e.  Mr. Montoya then identified the shooter and other vandals to DETECTIVE

14  BARRARAH, but was still ignored.  No San Jose police officer took any action to investigate the

15  conduct of the Sureños.

16

17          f.  Apparently realizing that the San Jose police had no interest in them, the Sureños,

18  including the shooter and the one who broke the car windows, began walking up and down the

19  sidewalk.  When DETECTIVE BARRARAH was told that these were the perpetrators, members

20  of Mr. Montoya's family were roughed up by the police, and put in police cars.  When Mr. Montoya

21  tried to insist that the police do something to the criminals, he was told to "shut up' and was

22  reminded by DETECTIVE BARRARAH that the San Jose police had an empty back seat for him

23  in one of the cars.

24

25          g.  After approximately one hour, OFFICER ROGERS came to Mr. Montoya, still

26  handcuffed and in the cold, and in plain view of the Sureños, proceeded to squeeze Mr. Montoya's

27

28  Complaint for Violation of Civil Rights –
    Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

1 disabled legs. When Mr. montoya told him that he was being hurt, **OFFICER ROGERS** ordered

2 Mr. Montoya to stand up, which he is physically unable to do. **OFFICER ROGERS** then lifter Mr.

3 Montoya out of his wheelchair and began prodding and probing the handcuffed Mr. Montoya and

4 his wheelchair, ostensibly for a search, demeaning Mr. Montoya.

5

6       h.   DETECTIVE BARRARAH then demanded that Mr. Montoya give the

7 OFFICERS permission to search the home for a gun. **DETECTIVE BARRARAH** removed the

8 handcuffs to allow Mr. Montoya to sign the release. Mr. Montoya refused and reminded the

9 OFFICERS that he was the victim. DETECTIVE BARRARAH then went to a female Sureña and

10 had a pleasant conversation with her, and also hugged her during that conversation.

11

12       i. Despite Mr. Montoya's refusal to consent to the search, OFFICERS ransacked the

13 Montoya home for at least an hour, leaving it in total disarray. Mr. Montoya's property was stolen

14 and some property was damaged. OFFICER DARIO stole a ceremonial Samurai sword owned by

15 Mr. Montoya.

16

17       j. An Asian OFFICER came to Mr. Montoya and told him that he should move from

18 the neighborhood because this conduct would then stop.

19

20       k. Nobody was arrested, and no investigation into the real crime that had been

21 committed by the Sureños was ever conducted.

22

23       l. The next day, Sureños broke the windows out of another car in the Montoya

24 driveway, and Mr. Montoya's mother called 911. When the police arrived, SERGEANT FERLA

25 demanded that they be admitted to the house to speak with Mr. Montoya, and they said that if he

26 did not come out that they would break the windows to the house and come in and get him.

27

28 Complaint for Violation of Civil Rights
Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

1        m. SERGEANT FERLA, OFFICER DARIO, and other OFFICERS stormed into

2    the house and conducted another search of the home rather than investigate the crime that had been

3    reported.

4

5        n. SERGEANT FERLA and other OFFICERS forced Mr. Montoya's girlfriend and

6    relatives out of the house and to walk barefoot through the street full of glass, and when they

7    complained they were roughed up, handcuffed, and put in police cars. When Mr. Montoya voiced

8    his outrage, OFFICER DARIO kicked his wheelchair four times and pushed him out of the way,

9    almost knocking Mr. Montoya over.

10

11        o. Despite Mr. Montoya's refusal, OFFICERS TRUDO, DARIO, and other

12    OFFICERS proceeded to push Mr. Montoya out of the way and barge into the home and searched

13    it again, again leaving the home in total disarray.

14

15        p. OFFICERS also threatened the occupants of the home with arrest and worse, and

16    told them that they needed to testify against Mr. Montoya. SERGEANT SANCHEZ made specific

17    threats against people if they told anybody about what was happening to the Mr. Montoya and the

18    house.

19

20    19. Thereafter, OFFICERS repeatedly drove by Mr. Montoya's home shining spotlights into

21    the house, and detaining everybody who came or went from the home. Sureños continued to walk

22    by the home, make threats, throw bottles and rocks, and brandish handguns. OFFICERS ignored

23    this conduct.

24

25

26

27

28    Complaint for Violation of Civil Rights
Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

20. On 26 March 2006, the Sureños again unleashed a barrage of bottles, brick, sticks, and rocks on the home, and a specific threat was made against Mr. Montoya, and yet another car was vandalized. Again, as the victim, the Montoya household called for police assistance.

a. A half hour later, OFFICERS arrived, they pointed their guns at Mr. Montoya and ordered him outside. They then proceeded to search the home without permission and without a warrant. They pointed their guns at infants and toddlers as they searched the home. They refused to close the door to the house despite the fact that it was cold. They refused to let Mr. Montoya use his own bathroom for over fifteen minutes.

b. Mr. Montoya and his attorney repeatedly asked the officers to leave, but they refused. Instead, they ransacked the home once again, and never investigated the true crime.

21. OFFICERS, including command personnel, are very well aware that Mr. Montoya has a prescription for medical marijuana because of his physical disabilities. The OFFICERS had never questioned Mr. Montoya's possession or use during their many searches of his home and vehicle. Despite this, on or about 14 July 2006, DETECTIVE TIPHAYACHAN falsely swore out an affidavit accusing Mr. Montoya of being a drug dealer. Yet another search ensued.

22. The police abuse culminated on 22 October 2006 when Mr. Montoya and Mr. Escobedo left the Jeanne Avenue residence to do some errands. During the time that they were gone an act of vandalism occurred at a neighboring house, and the neighbor, a Sureño or a Sureño sympathizer, called the San Jose police.

23. Despite the fact that the incident involved a few windows on vehicles, at least 4 San Jose police units arrived. About 30 minutes after the reported incident occurred, Mr. Montoya and Mr.

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

1    Escobedo returned, and the victim immediately identified Mr. Montoya, and eventually his friend,

2    as the perpetrators.

3

4        24.  OFFICER CRUZADO, BADGE NO. 3780, immediately questioned Mr. Montoya,

5    and Mr. Montoya explained where he had been and who he had spoken to.  Mr. Montoya produced

6    a receipt from Kragen's that showed that it would have been physically impossible for either he or

7    Mr. Escobedo to have been present at the scene at the time of the incident.  Then, another person

8    came to the scene who admitted that he had done the vandalism and that Mr. Montoya was not

9    involved, and this person's story was corroborated.

10

11       25.  Despite this compelling evidence of innocence, Mr. Montoya and Mr. Escobedo were

12   arrested.  The San Jose police did no further investigation into the matter despite the clear evidence

13   pointing to innocence, and, had they done so, it would have become incontrovertible that plaintiffs

14   could not physically have been present at the scene at the time of the crime.

15

16       26.  As a result of the campaign of harassment and retaliation by the San Jose police, as well

17   as its failure to investigate, plaintiffs were charged with crimes and jailed.  Plaintiffs were forced to

18   expend thousands of dollars in their defense.

19

20       27.  Once the evidence was presented to the District Attorney as a result of the investigation

21   performed by Mr. Montoya's attorney, the case was dismissed due to insufficiency of the evidence

22   on 22 February 2007

23

24       28.  The police harassment continues to this day.

25   //

26   //

27

28   Complaint for Violation of Civil Rights –
     Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

1

## DAMAGES

2

3      29.   As a proximate result of defendants' conduct, plaintiffs suffered pain and physical

4  injuries.  As a further proximate result of defendants' conduct , plaintiff suffered severe emotional

5  and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of their sense of

6  security, dignity, and pride as citizens of the United States.

7

8      30.   As a further proximate result of defendants' conduct, plaintiffs have incurred medical

9  expenses and lost time from their usual occupation.

10

11     31.   The conduct of defendant OFFICERS was malicious, wanton, and oppressive.  Plaintiffs

12  are therefore entitled to award of punitive damages against defendant OFFICERS.

13

14     32.   Plaintiffs found it necessary to engage the services of private counsel to vindicate their

15  rights under the law.  Plaintiffs are therefore entitled to an award of all attorney's fees incurred in

16  defense of the criminal action and in relation to this action for violation of civil rights.

17

18

19                     **FIRST CLAIM FOR RELIEF**
                              (42 U.S.C § 1983)
20            (Against defendants OFFICERS and DOES 1 through 200, inclusive)

21

22     33.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 32 of this

23  complaint.

24

25     34.  In doing the acts complained of, defendants OFFICERS acted under the color of the

26  law to deprive the plaintiffs of certain constitutionally protected rights, including, but not limited to:

27

28  Complaint for Violation of Civil Rights –
    Jury Trial Demanded

*Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150*

1    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

2 and Fourteenth Amendments to the United States Constitution;

3    b. The right to be free from arrest without probable cause, as guaranteed by the Fourth and

4 Fourteenth Amendments to the United States Constitution;

5    c. The right not to be deprived of life or liberty without due process of law, as guaranteed

6 by the Fifth and Fourteenth Amendments to the United States Constitution;

7    d. The right to be free form the use of excessive force by police officers, which is guaranteed

8 by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

9    e. The right to be free from cruel and unusual punishment; and from pre-charging and pre-

10 judgment punishments, as guaranteed by the Eighth Amendment to the United States Constitution;

11    f. The right to be free from interferences with the zone of privacy, as protected by the Fourth

12 and Ninth Amendments to the United States Constitution;

13    g. The right to be free from governmental interference with family relationships as protected

14 by the Fourteenth Amendment to the United States Constitution;

15    h. The right to Equal Protection of the laws as guaranteed by the Fourteenth Amendment

16 to the United States Constitution;

17    I. The right to be free from illegal and unduly coercive interrogation, as guaranteed by the

18 Fifth and Fourteenth Amendments to the United States Constitution; and,

19    j. The right to counsel before interrogation in a custodial setting, as guaranteed by the Fifth,

20 Sixth, and Fourteenth Amendments to the United States Constitution.

21

22    35. As a proximate result of defendants' wrongful conduct, plaintiffs suffered injuries and

23 damages as set forth.

24

25    **WHEREFORE,**  Plaintiffs pray for relief as set forth.

26 //

27

28 Complaint for Violation of Civil Rights –
Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

**SECOND CLAIM FOR RELIEF**
(42 U.S.C. § 1983)
(Against Defendants CITY OF SAN JOSE and DAVIS)

36. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 35 of this complaint.

37. The CITY and DAVIS, by and through its supervisory officials and employees, has been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendant OFFICERS herein and other San Jose police officers, directed specifically at Mr. Montoya and his friends and family, consisting of, in part, search and seizure without probable cause, detention of Hispanics on pretext, the use of unnecessary and excessive force, failure to investigate crime, attempts to force Mr. Montoya and his family from his home, failure to protect Mr. Montoya from retaliation by gangsters, racism, discrimination against disabled citizens, and failure to provide adequate medical care to injured citizens. Despite said notice, defendants CITY and DAVIS have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by San Jose police officers. This lack of an adequate supervisorial response by defendants CITY and DAVIS demonstrates the existence of an informal custom or policy which tolerates and promotes the continued racism, unlawful detention, search, seizure, retaliation, failure to investigate crime, arrest of Hispanic citizens, use of excessive force against, as well as failure to obtain proper medical attention for injured suspects, violation of the rights of disabled persons, and violation of civil rights of persons by San Jose police officers.

38. The acts of defendant police officers alleged herein are the direct and proximate result of the deliberate indifference of defendants CITY and DAVIS and their supervisory officials and employees to violations of the constitutional rights of persons by defendant OFFICERS herein, and

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

1  other members of the San Jose Police Department.  Plaintiff's injuries were foreseeable and a

2  proximate result of the deliberate indifference of the CITY and DAVIS to the pattern, practices,

3  customs, and policies described above.

4

5        **WHEREFORE**, Plaintiffs pray for relief as set forth

6

7

8                          **THIRD CLAIM FOR RELIEF**
                           (Americans With Disabilities Act)
9                           (Against defendant CITY)

10

11        39.  Plaintiff Gerardo Montoya realleges and incorporates by reference herein paragraphs

12  1 through 32 of this complaint.

13

14        40.  Pursuant to the Americans With Disabilities Act, a public entity illegally discriminates

15  against persons with disabilities by excluding them from the benefits of services of the public entity

16  under 42 U.S.C. section12132.

17

18        41.  Defendant CITY violated the Americans With Disabilities Act by failing to provide

19  adequate instruction to and supervision of OFFICERS with respect to Mr. Montoya, and knowingly

20  allowing OFFICERS to abuse and harass Mr. Montoya as outlined above despite and because of

21  his disability.

22

23        **WHEREFORE,** Plaintiff Gerardo Montoya prays for relief as set fort

24  //

25  //

26  //

27

28  Complaint for Violation of Civil Rights
    Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

1

**FOURTH CLAIM FOR RELIEF**
(California Civil Code § 52.1)
(Against all defendants)

2

3

4      42. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 32 of this

5    complaint.

6

7      43. The conduct of defendants OFFICERS as described herein violated California Civil

8    Code § 52.1, in that they interfered with plaintiffs' exercise and enjoyment of their civil rights, as

9    enumerated above, through use of wrongful force, false arrest and imprisonment, illegal search and

10   seizure, invasion of plaintiffs' privacy, and denial of due process.

11

12     44. As a direct and proximate result of defendants' violation of Civil Code § 52.1 plaintiffs

13   suffered violation of their constitutional rights, and suffered damages as set forth.

14

15     45. Since the conduct of defendant OFFICERS  occurred in the course and scope of their

16   employment, defendant COUNTY is therefore liable to plaintiff pursuant to respondeat superior.

17

18     46. Plaintiffs are entitled to injunctive relief and an award of reasonable attorney's fees

19   pursuant to Civil Code  § 52.1.

20

21     **WHEREFORE,** Plaintiffs pray for relief as set forth.

22   //

23   //

24   //

25   //

26

27

28   Complaint for Violation of Civil Rights
     Jury Trial Demanded

*Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150*

## FIFTH CLAIM FOR RELIEF
(Assault and Battery)
(Against all defendants)

47. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 32 of this complaint.

48. Defendant OFFICERS placed plaintiffs in immediate fear for their safety pointing their guns at them, parading them in front of persons who had vowed to do hem harm, and threatening them with violence. OFFICERS further committed assault and battery by forcing plaintiffs to remain seated while their home was ransacked. Defendant OFFICERS committed assault and battery against plaintiffs by unjustifiably terrifying and touching plaintiffs.

49. Defendants' conduct was neither privileged nor justified under statute or common law.

50. Since the conduct of defendant OFFICERS occurred in the course and scope of their employment, defendant CITY is therefore liable to plaintiffs pursuant to respondeat superior.

51. As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as set forth.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

//
//
//
//
//

Complaint for Violation of Civil Rights
Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

# SIXTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)
(Against all defendants)

52. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 32 of this complaint.

53. The conduct of defendant OFFICERS, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. However, in order to deliberately injure plaintiffs, defendant OFFICERS committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiffs.

54. Since the conduct of defendant OFFICERS occurred in the course and scope of their employment, defendant COUNTY is therefore liable to plaintiffs pursuant to respondeat superior.

55. As a proximate result of defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme metal and emotional distress. Therefore, plaintiffs are entitled to an award of punitive damages as against the individually named officers. Plaintiffs have suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth

//
//
//
//
//

Complaint for Violation of Civil Rights
Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

Page 20

## SEVENTH CLAIM FOR RELIEF
(False Imprisonment)
(Against all defendants)

56. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 32 of this complaint.

57. At all time mentioned above, and at other times, defendant OFFICERS detained and arrested plaintiffs maliciously and without a valid warrant, or any other legal authority of any kind, even though plaintiffs had not committed any crime or public offense. Defendant OFFICERS did not have reasonable cause to believe that plaintiffs had committed any offense.

58. Since the conduct of defendant OFFICERS occurred in the course and scope of their employment, defendant COUNTY is therefore liable to plaintiffs pursuant to respondeat superior.

59. The conduct of defendant OFFICERS , as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. However, in order to deliberately injure plaintiffs, defendant OFFICERS committed the aforementioned extreme and outrageous acts with the intent to inflict severe injury upon plaintiffs, thereby justifying an award of punitive damages against all defendants.

60. As a proximate result, plaintiff suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for damages as set forth.

//
//
//

Complaint for Violation of Civil Rights
Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150



# EIGHTH CLAIM FOR RELIEF
### (Negligence)
### (Against all defendants)

61.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 32 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

62.  At all times herein mentioned, defendants were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of the police function. The conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers and municipalities, proximately causing plaintiffs to suffer damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

# NINTH CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)
### (Against all defendants)

63.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 32 of this complaint, except for any and all allegation of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

64.  At all times herein mentioned, defendants were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens. The conduct of defendants, as set forth herein,

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

1  did not comply with the standard of care to be exercised by reasonable police officers or

2  municipalities, proximately causing plaintiff to suffer damages as set forth.

3

4      65.  The conduct of defendants as set forth herein, was extreme and outrageous and beyond

5  the scope of conduct which should be tolerated by citizens in a democratic and civilized society.

6

7      66.  As a proximate result of defendants' conduct, plaintiffs suffered severe and extreme

8  mental and emotional distress.  Plaintiffs have suffered damages as set forth.

9

10      **WHEREFORE**, Plaintiff pray for relief as set forth.

11

12

13                                                  **CLAIM REQUIREMENT**

14

15      67.  For state causes of action related to Federal claims, plaintiffs are required to comply with

16  an administrative claim requirement under California Law.  Plaintiffs have complied with all

17  applicable requirements, and all administrative remedies have been exhausted.

18

19

20                                                  **JURY DEMAND**

21

22      68.  Plaintiffs hereby demand a jury trial in this action.

23  //

24  //

25  //

26  //

27

28  Complaint for Violation of Civil Rights –
    Jury Trial Demanded                                              Page 23

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

1

**PRAYER**

2

3      WHEREFORE, Plaintiffs prays for relief as follows:

4      1.  Special damages in an amount no less than $100,000;

5      2.  General damages in an amount no less than $5,000,000;

6      3. Punitive damages in an amount no less than $10,000,000;

7      4.  Exemplary damages in the amount of $10,000,000 and an additional $25,000 for each

8  violation against each plaintiff of the Civil Code § 51.7, and reasonable attorney fees, pursuant to

9  Civil Code § 52(b);

10      5.  For injunctive relief enjoining defendants CITY, DAVIS, and OFFICERS from

11  authorizing, allowing, or ratifying the practice by any CITY employee, including all members of the

12  San Jose Police Department, of harassing and violating the civil rights of Mr. Montoya and his

13  friends and family;

14      6.  Reasonable attorney's fees pursuant to 42 U.S.C. §1988 and the Americans with

15  Disabilities Act

16      7.  Costs of suit incurred herein; and,

17      8.  Such other and further relief as the Court may deem just and proper.

18

19

20  Dated: 5 February 2008

21

22                    **LAW OFFICES OF ANTHONY BOSKOVICH**

23

24

25      By:_____

26                        Anthony Boskovich
                          Attorney for Plaintiffs
27

Complaint for Violation of Civil Rights --
28  Jury Trial Demanded                                                Page 24

*Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150*